## BURSE, Trustee v HAROLD, et

Ohio Appeals, 8th Dist, Cuyahoga Co

No. 16410. Decided June 26, 1939

H. T. Gassaway, Esq., Cleveland, A. H. Martin, Esq., Cleveland, for appellees.

Chamberlain & Royon, Cleveland. and H. M. Goldwasser, Esq., Cleveland, for appellants.

## OPINION

By LIEGHLEY, J.

William Craig, former husband of Mogine Craig Burse, was killed in the course of his employment in 1925, leaving surviving him Mogine Craig, his widow, and two small children, James Craig and Leary Craig. The Ohio Industrial Commission under favor of §1465-83, GC, awarded compensation. The award took the form of a purchase of a house and lot in Cleveland, and the conveyance named as grantees Mogine Craig, individually, and as trustee for James Craig and Leary Craig, with a restriction against alienating or mortgaging said premises for a period of six (6) years, without the consent of the Industrial Commission.

Leary Craig, one of the minors, died in 1925 and her beneficial interest passed to the widow and the other minor James Craig. Mogine Craig subsequently married Fate Burse.

In 1930, plaintiffs contracted for the installation of a furnace in said premises with The General Furnace Company. The work was completed and accepted in 1930 and a note executed in the sum of $272.00 therefor, upon which judgment was taken in 1931.

In 1934 about three (3) years after the expiration of the restriction contained in the deed, Mogine Craig Burse deemed it advisable to make certain repairs and additions to the house on said premises to the end that rooming facilities would be enlarged and her revenues for the support of herself and minor increased by the letting of rooms. At this time unpaid taxes had accrued on the premises in the sum of about $600.00. With a view to financing the proposed improvements above mentioned and the payment of the accrued taxes, a $500.00 mortgage was executed by plaintiff to defendant, Thad B. Harold, and a $3000.00 first mortgage was executed and assigned to The American Lumber Company as evidence of security for lumber and material proposed to be used in making the improvements. These mortgages were and were intended to be construction mortgages and to evidence and secure only the value of materials furnished and labor performed and no claim for any greater amount has been urged or made in this litigation below.

In November, 1934, some controversy arose resulting in the cessation of the work of improving the property under these contracts. Early in 1935, this action was instituted by plaintiffs against the defendant Thad B. Harold to cancel said mortgage of $500.00. The defendant, Harold, cross-petitioned and prayed for foreclosure of his mortgage. The Lumber Company intervened and sought foreclosure of the $3000.00 mortgage. The Furnace Company intervened with the view to enforcing the lien of its judgment. The trial resulted in a decree of foreclosure and a denial of the prayer of plaintiff's petition.

The court ordered the payment of all taxes and found that there was due the lumber company the sum of about $1100.00; the furnace company about $203.00; the defendant, Thad B. Harold, the sum of $125.00 and one Artine, the sum of $26.25 all with interest.

A sale of the premises was ordered with distribution as in the decree provided. The premises were duly sold and sale confirmed.

Thereupon, a petition by next friend of James Craig, a minor, was filed by leave of court to vacate the foregoing judgment and decree of foreclosure predicated for the most part upon the fact that the minor had not been expressly named and made party to the foregoing proceedings in foreclosure.

Trial was had on said petition to va-

cate eventuating into a decree holding that the aforesaid mortgages and liens were invalid as against the interest in said property of said minor defendant, James Craig, and that all proceedings as against said James Craig be vacated, set aside and held for naught and that the mortgage and liens be cancelled as to said minor, James Craig and the title of said James Craig be quieted.

Appeal was prosecuted from this decree by the defendants and Frank H. Hendricks, purchaser of said premises at sheriff's sale.

Said award by the Industrial Commission to Mogine Craig individually and as trustee for the two minor children in the form made and through the instrumentality of a deed ▇ with the conditions, restrictions and limitations therein contained, constituted Mogine Craig a trustee of an express trust. Under favor of §11244, GC, she had authority to institute this action as such trustee for and in behalf of said trust estate without making said minor beneficiary a party plaintiff or defendant.

A trustee of an express trust has a right to prosecute or defend an action in the interest of her ▇ trust and need not name the beneficiaries as plaintiffs or defendants whether they be adults or minors. The beneficial interest is represented through the trustee and it is our view that the failure to make said minor a party plaintiff or defendant in the foreclosure proceedings does not in any sense invalidate said proceedings and decree.

Even though we be mistaken in the conclusion above stated, this minor and his interests were fully represented and protected through the trustee and her counsel throughout the foreclosure proceedings. Close scrutiny of the transcript and record before us compels the conclusion that substantial justice requires that the decree vacating the prior foreclosure proceedings and decree should be vacated and the foreclosure proceedings and decree be approved and confirmed.

This cause is remanded for further proceedings to consummate and carry out the orders contained in the foreclosure decree. Decree accordingly, O. S. J. Exceptions.

TERRELL, PJ., concurs.
MORGAN, J., dissents.

## DISSENTING OPINION

By MORGAN, J. (Dissenting).

The facts in this case are given in the majority opinion by Judge Lieghley.

The majority of this Court rest their opinion on the fact that as Trustee of an express trust MogineCraig Burse, under favor of §11244, GC, had authority to institute this action on behalf of the minor, James Craig, to set aside the second mortgage of $500.00 without making the minor a party; and that it follows that the minor was properly represented in the subsequent foreclosure proceedings.

The above statement does not touch on what I believe to be the most important question in this case, namely, the attack on the validity of the two mortgages so far as they attempt to convey the interest of the minor in this property.

The deed of the property recorded in Volume 3380, page 272 of Cuyahoga County Records, contains the following provision:

"Whereas, the premises under consideration are being purchased out of money awarded in a lump sum by the Industrial Commission of Ohio, Claim No. 993683, to Mogine Craig, widow, and James Craig, age eighteen months, and Leary Craig, age two years, dependent children of the aforenamed decedent, on account of fatal injuries received by him in the course of his employment, * * *, now therefore, this conveyance to the said Mogine Craig, widow of the aforenamed decedent, individually, and as trustee for James Craig and Leary Craig, is made upon the expressed provision that said premises shall not be transferred, mortgaged or in any way alienated or encumbered by the said Mogine Craig, individually

or as trustee, for a period of six (6) years from the date of this instrument without first having obtained the consent of the Industrial Commission of Ohio."

By this provision Mogine Craig was prevented from transferring or mortgaging her own interest in this property as well as her interest as trustee, for a period of six years, without first securing the consent of the Industrial Commission of Ohio. At the end of the six year period Mogine Craig, individually had the right without restriction to deed or mortgage her own interest in the property, but there is nothing in the deed to indicate that the trusteeship would end at the end of the six-year period.

Originally the widow had an individual one-third interest and the two minors each a one-third beneficial interest in the property. One of the minor children died subsequently so that at the present time Mogine Burse (formerly Mogine Craig) has a one-third interest in the property and a life interest in another one-third. The minor, James Craig, has a one-third interest and a remainder in another one-third subject to the life estate of his mother, Mogine Craig Burse.

It is conceded that no court proceedings of any kind were had to authorize the trustee to mortgage the interest of James Craig, the minor, in this property. There is no power to sell or mortgage given to the trustee in the deed of the property; notwithstanding Mogine Burse, after the expiration of the six-year period mentioned in the deed, executed the two mortgages, both in her behalf and as trustee for the surviving minor child.

The power of the trustee to mortgage or pledge trust property is well stated in the Restatement of the Law of Trusts, Volume 1, Section 191:

"Except as stated in Section 167, the trustee cannot properly mortgage or pledge trust property unless a power to mortgage or pledge is conferred by the terms of the trust."

Section 167 refers to a case where permission is given to mortgage by some court having jurisdiction of the case, and so can have no bearing on this case.

The above statement in the Restatement of the Law of Trusts, states the law as it has always been understood to be.

See 26 Ruling Case Law 1303; 65 Corpus Juris 765.

As stated, no express power is given in the deed of the property to the trustee to mortgage the interests of the minor in the property. Likewise, no such power can fairly be implied from the terms of the deed. The mortgagees in this case were put on notice of the terms of the deed and I can find no reason why the general rule denying such a trustee the right or power to mortgage without express authority or a court order, should be departed from in this case.

I do not question that the trustee in the case had the implied power to make all proper expenditures for the preservation of the property. The contract made by Mogine Burse in this case with Harold, the contractor who is also the owner of the second mortgage, called for the construction of nine additional rooms. It is very doubtful whether the right to make such a substantial addition to the property can be found in the implied power to expend money for its preservation.

It is not denied that Mogine Burse had the right to mortgage her own interest in the property. The mortgage, however, was for the entire property and the minor's interest was attempted to be sold in the foreclosure proceedings.

In this case it appears that The American Lumber Company to which the first mortgage had been assigned, delivered lumber and material on this property for which it filed a mechanic's lien. The General Furnace Company furnished a heating furnace for which it also filed a lien.

It is my view that there should be a judgment holding the first and second mortgages invalid insofar as the inter-

est of the minor, James Craig, is concerned, and the foreclosure proceedings and foreclosure sale held for naught. The case should be reversed and in a subsequent trial The American Lumber Company, The General Furnace Company, and any other claimant should be given the right to furnish proof that any material furnished by them was reasonably necessary for the use and preservation of the property. To the extent that such proof can be made, the minor's interest in the property would be bound but not beyond such a point.